

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Gerald C. Mann
PRICE DANIEL
XXXXXXXXXXXXX

May 8, 1939

Honorable Jack Wiech
County Attorney
Cameron County
Brownsville, Texas

Dear Sir:

Opinion Number O-698
Re: Whether or not the four year
statute of limitation applies to
actions or suits on bonds issued
by water improvement district,
water control and improvement
district, drainage districts, etc.

Your request for an opinion on the above stated
question has been received by this office.

In answer to your question we refer you to
Article 5527 of the Revised Civil Statutes of 1925, Sec-
tion 1, which provides that action for debt where the
indebtedness is evidenced by or founded upon a contract
in writing shall be commenced and prosecuted within four
years after the cause of action shall have accrued and
not afterwards. This prescribes a period within which
suit must be filed and the courts have construed the same
to mean that it must be especially plead in order to be
availed of by the defendant. In the recent case of the
City of Houston et al, v. Chapman, 123 S. W. (2) 652, the
Commission of Appeals, Section A, speaking through Commis-
sioner Hickman, held -- "Limitation being a defensive
plea, the burden was upon the city to establish it." The
courts of this State have consistently held that counties,
political subdivisions and municipalities may avail them-
selves of the statute of limitation as a defense to an
action to obtain judgment against it upon its bonds or
interest coupons more than four years past due. Rockwall
County vs. Roberts County, 128 S. W. 369, City of Carthage
vs. Burt, 111 S.W. 440, City of Tyler vs. L. L. Jester &
Company, 78 S.W. 1058, City of Houston vs. Jankowskie, 15
S.W. 269.

Unquestionably bonds and appurtenant coupons are written evidence of indebtedness within the meaning of Article 5527.

Although no water control and improvement district or any such district as suggested in your letter was a party to any of the cases cited above, the principles which apply to municipal corporations and other political subdivisions would no doubt apply to such district, and in the opinion of this department the four year statute of limitation is applicable to actions or suits on bonds issued by water improvement, water control and improvement, drainage districts and bonds and securities of all other political subdivisions within this State.

There are some "special" statutes applying to particular water control and improvement districts, such as Article 7880-147z, Section 8, Revised Civil Statutes of Texas, providing that under certain conditions the statutes of limitation shall not run. However, it is the opinion of this department that where there is no contrary statute governing the particular case, the period of limitation would begin to run in favor of the district on the due date of the bond or coupon in question.

Trusting that the foregoing satisfactorily answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence E. Crowe
Clarence E. Crowe
Assistant

CEC-/mm
APPROVED:

/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS